## Case No. 4,697.

### The FAVORITE.

[2 Biss. 502.][1]

District Court, E. D. Wisconsin. April, 1871.

N. J. Emmons, for libellants.

J. W. Cary, for respondent.

MILLER, District Judge. The libellants charge that, through the unskillfulness, carelessness and negligence of the master and crew of the steamboat, the wheat was wetted and lost.

The answer sets forth, that the barge, in tow of the steamboat, at a point in the Mississippi river known as the crossing to the head of Argo island, and while proceeding down the river, struck on an obstruction in the river, supposed to be a sunken log or a trunk of a tree, hidden from view and below the surface of the water; that thereby the barge was injured and caused to leak, and immediately filled with water and sunk in about three feet ten inches of water, whereby the wheat in the barge became wetted and damaged. And the charge of unskillfulness and negligence is denied.

There is no proof of negligence or unskillfulness on the part of the officers and crew. Nor is there any complaint of want of care of the cargo after the accident, or of unseaworthiness in any respect of the steamboat or barge.

The accident happened about 12 o'clock on a clear day in the month of October. The steamboat, with two barges in tow laden with wheat, was crossing the Mississippi river, quartering, from the Wisconsin to the Minnesota shore, above the head of Argo island, at the rate of about six or seven miles·an hour. The larboard barge struck a hidden obstruction in from three feet six inches to four feet of water. The fleet was pursuing the usual course of steamboats at that time, in the middle of the channel, about midway between the two shores. The obstruction did not make any break or visible ripple in the water. The collision with the obstruction, supposed to be a log or a stump, rounded to the boat and barges. And upon having straightened up and headed down stream, slivers and chips came to the surface from the stern of the larboard barge. In the afternoon, while the men were at work on the barge endeavoring to secure from damage as much of the wheat as possible, the two pilots, in a light skiff, went above the place of the accident and dropped down with the current, sounding the bottom with a pole as they floated · down. They ·discovered something solid, supposed to be a stump with roots at one end, down stream. The pilot is of the opinion that the stump could not have been there very long, as it had not been known to pilots—and he had run over that ground—and other· boats, drawing more water than the Favorite or barges, had been daily passing there, which might have struck the stump, if it had been there any great length of time.

The exceptions in the bill of lading are "the unavoidable dangers of the river and fire." The answer states that "the barge struck an obstruction in the river, supposed to be a sunken log or trunk of a tree, hidden from view and below the surface of the river."

There is no· essential difference between an exception in a bill of lading, of unavoidable dangers of the river, and of dangers of the river; for the carrier must use all reasonable caution in the navigation of his boat or vessel to avoid accidents. These must include risks arising from natural accidents peculiar to the river, which do not happen by the intervention of man, nor are to be prevented by human prudence, and which no ordinary skill could anticipate or evade. Those words exonerate the carrier for a loss arising from a collision, in the absence of fault on the part of the master and crew, and from hidden and unknown obstructions in a river, such as logs or stumps.

On full examination and consideration of the pleadings and proofs, I conclude that the claimant has brought itself within the exception on the bill of lading of "unavoidable dangers of the river," and that the libel should be dismissed.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]